<table>
<tr><td>DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. Potomac St. #100<br>Centennial, CO 80112<br>(303) 645-6600</td><td rowspan="2">DATE FILED<br>May 29, 2026 3:19 PM<br>FILING ID: 91E359D520A50<br>CASE NUMBER: 2026CV31476<br><br>▲COURT USE ONLY▲</td></tr>
<tr><td>SPENCER KELLOGG,<br><br>Plaintiff,<br><br>v.<br><br>KHADIM DIAW and LYFT, INC.,<br><br>Defendants.</td></tr>
<tr><td>Attorneys for Plaintiff:<br>John Kellner, #37939<br>Lauren M. Knapp, #53737<br>THE DAN CAPLIS LAW FIRM, LLC<br>Plaza Tower One Penthouse<br>6400 S. Fiddlers Green Circle, Suite 2200<br>Greenwood Village, CO 80111<br>Telephone: 303-770-5551<br>Fax: 303-770-5552<br>john@caplislaw.com<br>lauren@caplislaw.com</td><td>Case Number:<br><br>Division/Courtroom:</td></tr>
<tr><td colspan="2">COMPLAINT AND JURY DEMAND</td></tr>
</table>

**COMES NOW**, Plaintiff, Spencer Kellogg, by and through his counsel, The Dan Caplis Law Firm, LLC, and hereby files this Complaint and Jury Demand, and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Spencer Kellogg ("Plaintiff" or "Mr. Kellogg"), is an individual and, at all times relevant hereto, a resident of the state of Colorado.

2. Defendant, Khadim Diaw ("Defendant Diaw"), upon information and belief, is and has been at all times relevant hereto, a resident of Jefferson County, State of Colorado, residing at 3924 S. Wadsworth Blvd #309, Lakewood, CO 80235.

3. Defendant Lyft, Inc. ("Defendant Lyft") is a foreign corporation, with its principal office in the State of California, and at all times relevant was licensed to do business in the State of Colorado and was doing business in the State of Colorado.

4. Defendant Lyft's Colorado registered agent is C T Corporation System located at 7700 E. Arapahoe Road, Ste 220 in Centennial, CO 80112.

5. This Court has jurisdiction over the parties and the subject matter of this action pursuant to C.R.S. §§ 13-1-124(1)(a) and (b).

6. Jurisdiction and venue are proper in the District Court of Arapahoe County, State of Colorado, because the acts giving rise to this action occurred in Arapahoe County.

## GENERAL ALLEGATIONS

7. This action concerns the motor vehicle collision (the "collision") that occurred on May 16, 2025, at the intersection and pedestrian crosswalk of South Court Place and West Littleton Boulevard.

8. On May 16, 2025, at approximately 7:27 p.m., Plaintiff was riding his bicycle on the sidewalk and approaching a pedestrian crosswalk between South Court Place and West Littleton Boulevard.

9. The pedestrian crosswalk was open for Plaintiff to ride his bicycle through.

10. Plaintiff entered the pedestrian crosswalk with the right of way.

11. At the same time and place, Defendant Diaw was driving his 2022 Ford F150 on South Court Place, approaching a stop sign.

12. Defendant Diaw was driving for Defendant Lyft and had three passengers in his truck.

13. As Defendant Diaw approached the stop sign, he did not come to a full stop and instead rolled through the stop sign on to the pedestrian crosswalk.




*Screen shot of moments before the collision.*

14. As a result, Defendant Diaw's truck collided with Plaintiff's bicycle, separating Plaintiff from his bicycle.

15. The collision occurred during clear weather conditions and in daylight.

16. Defendant Diaw had an unobstructed view of Plaintiff leading up to the collision.

17. Littleton Police Department Officer Nikica Dimitric ("Officer Dimitric") responded to the scene.

18. Officer Dimitric determined that Defendant Diaw was at fault for causing the collision.

19. Ultimately, Defendant Diaw was cited for Careless Driving, in violation of C.R.S. § 42-4-1402.

20. As a direct and proximate result of Defendant Diaw's conduct, Plaintiff suffered injuries, damages, and losses.

21. Plaintiff did not commit any negligence that caused or contributed to the cause of the collision.

22. As a direct and proximate result of Defendant Diaw's actions, Plaintiff suffered injuries to his right knee and tibia.



*Mr. Kellogg after the collision.*

23. After the collision, Plaintiff was subsequently transported to Littleton Hospital, where imaging confirmed that Plaintiff had a right closed tibial plateau fracture.

24. Plaintiff's injuries and recovery include but are not limited to:
    a. Emergency surgery the day of the collision;
    b. 12 days in the hospital for recovery;
    c. Numerous follow up appointments with an Orthopedic Surgeon;
    d. Over nine months of physical therapy appointments;
    e. Over $390,000 in hospital bills alone.

**<u>Defendant Lyft Maintains Control Over Its Employees</u>**

25. At the time of the collision, Defendant Diaw was driving as an employee of Defendant Lyft.

26. Defendant Lyft is a Transportation Network Company ("TNC") pursuant to C.R.S. 40-10.1-602(3).

27. Defendant Lyft provides monetary incentives to its drivers using the TNC platform.

28. Defendant Lyft's business generally works as follows: the Lyft platform is implemented in an application that must be downloaded to a smartphone by all Lyft drivers and any prospective rider. If a prospective rider needs a Lyft driver, the rider uses the application to request a ride from a driver in the rider's geographical vicinity. Then all available Lyft drivers in the vicinity are informed of the request via the Lyft application. The first Lyft driver to accept a request is then assigned or "matched" with the rider and proceeds to pick up the rider and transport the rider to the rider's proposed destination.

29. Defendant Lyft expects its drivers to accept all incoming requests from riders unless the driver is in the process of transporting another rider at the time of a request.

30. Lyft drivers can receive requests for rides whenever they indicate via the Lyft application that they are available to provide rides.

31. Defendant Lyft maintains control over the application.

32. Drivers for Defendant Lyft are required to agree to Defendant Lyft's terms of service as a prerequisite to utilizing the Lyft platform.

33. Defendant Lyft has made it so that its drivers are prohibited from requesting compensation from riders or from receiving any compensation or consideration for providing a ride service other than the amount paid directly through Defendant Lyft's application plus any gratuity paid by the rider at the rider's sole discretion.

34. Defendant Lyft processes payments through a third-party vendor.

35. Defendant Lyft subsequently takes its own "administrative fee."

**<u>Defendant Diaw Was Under Defendant Lyft's Control As An Employee</u>**

36. At the time of the collision, Defendant Diaw had signed an agreement with Defendant Lyft to provide transportation services using the Lyft application on his smartphone.

37. Prior to the collision, Defendant Diaw utilized the Lyft application and picked up three passengers.

38. At the time of the collision, Defendant Diaw was earning money in his capacity as an employee of Defendant Lyft.

39. Defendant Diaw is properly considered an employee of Defendant Lyft at the time of the collision for reasons including, but not limited to, the following:

a. *Defendant Diaw provided a service that benefited and generated revenue for Defendant Lyft;*
b. *Defendant Lyft retained the right to terminate Defendant Diaw if, in Defendant Lyft's discretion, Defendant Diaw behaved in a way that could be regarded as inappropriate;*
c. *Defendant Lyft paid Defendant Diaw personally, as opposed to payment to any trade or business name of Defendant Diaw;*
d. *Defendant Diaw did not engage in a business distinct from Defendant Lyft's business;*
e. *Defendant Lyft provided Defendant Diaw with the only instrumentality by which he could perform services for Lyft;*
f. *Defendant Lyft required Defendant Diaw to represent himself as a Lyft driver while transporting his riders;*
g. *Defendant Lyft prohibited Defendant Diaw from setting his own rates for pay and services;*
h. *Defendant Lyft required Defendant Diaw to consent to receive email communications, text messages, notifications, and other messages regarding potential available riders;*
i. *Defendant Lyft retained the right to shut down the Lyft platform and application, thereby retaining the right to prevent Defendant Diaw from picking up riders;*
j. *Defendant Lyft, at its sole discretion, was able to make available promotional offers to riders, without consulting Defendant Diaw and which Defendant Diaw was required to accept and comply with;*
k. *Defendant Lyft retained the right to discipline Defendant Diaw;*
l. *Defendant Lyft retained the right to take adverse employment action if Defendant Diaw did not accept a ride;*
m. *Defendant Lyft advertised that its drivers receive an average hourly rate of pay;*
n. *Defendant Lyft had the right to monitor and control the number of hours that Defendant Diaw was permitted to work;*
o. *Defendant Lyft procured insurance that provided Defendant Diaw, at a minimum, with automobile liability insurance of up to $1,000,000 per occurrence;*
p. *Defendant Lyft did not allow Defendant Diaw to hire his own employees, agents, or subcontractors; and*
q. *Defendant Lyft dictated what route Defendant Diaw should use for transport of riders.*

40. Defendant Lyft negligently breached its duty to Plaintiff to ensure that drivers operating personal vehicles as an agent, representative, and/or independent contractor of their Transportation Services Network operated their vehicles safely and in accordance with state and local laws, codes, statutes, and ordinances.

41. Defendant Lyft negligently breached its duty by incentivizing drivers based upon the number of rides they provide and/or in what time frame they should provide them.

42. Defendant Lyft's negligent acts and/or omissions resulted in the collision and directly and proximately caused Plaintiff to suffer injuries, losses, and damages.

43. All damages to Plaintiff are in the past, present, and future.

**FIRST CLAIM FOR RELIEF**

*Plaintiff against Defendant Diaw for Negligence*

44. Plaintiff incorporates all other paragraphs as though fully set forth herein.

45. Defendant Diaw owed Plaintiff a duty of care to operate his vehicle in a careful, safe, reasonable, and prudent manner.

46. Defendant Diaw breached his duty of care.

47. Defendant Diaw's breach of duty caused Plaintiff to suffer injuries, damages, and losses.

48. Defendant Diaw's violation of the statutes, ordinances, and codes caused Plaintiff injuries and damages.

49. The injures, damages, and losses sustained are the type the statutes, ordinances, and codes are intended to prevent.

50. As a direct and proximate cause of Defendant Diaw's negligence, Plaintiff has sustained injuries, damages, and losses.

**SECOND CLAIM FOR RELIEF**

*Respondeat Superior/Vicarious Liability against Defendant Lyft*

51. Plaintiff incorporates all other paragraphs as though fully set forth herein.

52. At the time of the collision, Defendant Diaw was an employee and/or agent of Defendant Lyft.

53. At the time of the collision, Defendant Diaw was acting within the course and scope of his employment and/or agency with Defendant Lyft.

54. At the time of the collision, defendant Diaw used his personal vehicle within the scope of his employment and/or agency with Defendant Lyft's express or implied permission.

55. While driving on Defendant Lyft's behalf, Defendant Diaw owed a duty to the driving public, including but not limited to Plaintiff, to exercise reasonable care under the circumstances in the operation of his truck, including but not limited to keeping a proper

lookout, maintaining control over his vehicle, and coming to a full and complete stop at stop signs.

56. Defendant Diaw's actions, inactions, and conduct as described above were negligent and constitute negligence and negligence per se.

57. Defendant Lyft is vicariously liable for the acts, omissions, and conduct of its employees and agents while they are acting within the course and scope of their employment and/or agency.

58. As a direct, proximate and foreseeable result of the reckless, careless and/or negligent conduct of Defendant Diaw, the collision occurred, and Plaintiff was injured and suffered damages and losses.

59. Defendant Lyft is therefore vicariously liable for the acts and omissions of Defendant Diaw and is liable for the injuries, damages, and losses suffered by Plaintiff.

## THIRD CLAIM FOR RELIEF

*Agency Via Actual Authority against Defendant Lyft*

60. Plaintiff incorporates all other paragraphs as though fully set forth herein.

61. At all relevant times herein, Defendant Lyft and Defendant Diaw engaged in an agent-principle relationship to carry out their business purposes.

62. Defendant Lyft was the principal in this business relationship.

63. Defendant Diaw intended to carry out actions on behalf of Defendant Lyft and as such was an agent.

64. Defendant Lyft gave Defendant Diaw actual authority to take action that affected each Defendant, as Defendant Diaw took actions he believed were consistent with the way that Defendant Lyft wanted him to act leading up to and at the time of the collision, within the scope of his authority, namely transporting passengers via his truck to their destination per the authority and direction and control of Defendant Lyft's application.

65. As such, Defendant Lyft is liable for Defendant Diaw's negligent acts and omissions including but not limited to failing to keep a proper lookout, failing to maintain control of his vehicle, and failing to stop at the stop sign.

66. As such, Defendant Lyft is liable for the negligent acts and omissions of Defendant Diaw and for the injuries, losses and damages Plaintiff suffered as a result of the collision.

**FOURTH CLAIM FOR RELIEF**

*Agency Via Apparent Authority against Defendant Lyft*

67. Plaintiff incorporates all other paragraphs as though fully set forth herein.

68. At all relevant times herein, Defendant Lyft and Defendant Diaw engaged in an agent-principle relationship to carry out their business purposes.

69. Defendant Lyft was the principal in this business relationship.

70. Defendant Diaw intended to carry out actions on behalf of Defendant Lyft and as such was an agent.

71. At the date and time of the collision, Defendant Diaw, by words and conduct (such as holding himself out as a Lyft driver and connecting with his passengers via Defendant Lyft's application), caused the public, including Plaintiff, to reasonably believe that Defendant Lyft authorized Defendant Diaw to act on its behalf, despite the fact that Defendant Lyft may not have actually done so.

72. At the time of the collision, acting with apparent authority and within the scope of that authority, Defendant Diaw committed negligent acts and omissions, including but not limited to failing to keep a proper lookout, failing to maintain control of his vehicle, and failing to stop at the stop sign.

73. As such, Defendant Lyft is liable for the negligent acts and omissions of Defendant Diaw and for the injuries, losses and damages Plaintiff suffered as a result of the collision.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants for past and future economic, non-economic, physical impairment, and physical disfigurement damages; including but not limited to: medical expenses; loss of earnings; reduced earning capacity; physical and mental pain and suffering, inconvenience, emotional distress, permanent impairment, and loss of enjoyment of life. Plaintiff seeks pre-judgment interest, post-judgment interest, costs, and fees as permitted by law, and any further relief the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated this 29th day of May, 2026.

**THE DAN CAPLIS LAW FIRM, LLC**

*/s/ Lauren Knapp*

John Kellner, #37939
Lauren Knapp, #53737
*Attorneys for Plaintiff*
This document was filed electronically pursuant to Rule 121 § 1-26(7).
The original signed document is on file in counsel's office.

Plaintiff's Address:
Spencer Kellogg
c/o The Dan Caplis Law Firm, LLC
6400 S. Fiddlers Green Circle, Suite 220
Greenwood Village, CO 80111